IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Criminal Action No. **13-cr-218-JLK**

**UNITED STATES OF AMERICA,**

        Plaintiff,

v.

**2.    KEITH SCHWARTZ,**

        Defendant.

---

**ORDER DENYING [SECOND] MOTION FOR RECONSIDERATION
OF ORDER RE PRETRIAL RELEASE (Doc. 161)**

Kane, J.

This matter is before the court on Defendant Keith Schwartz's third attempt to obtain pretrial release. In July 2013, I issued an Order denying Mr. Schwartz's Motion For Revocation Of Magistrate Judge's Detention Order And For Hearing De Novo. *See* Order (Doc. 113). This time the effort is expressed as a Motion For Reconsideration For Pretrial Release Under The Bail Reform Act And Request For Hearing. (Doc. 161.) The matter is fully briefed and I have reviewed the entire file, all exhibits and the transcript of the proceeding before Magistrate Judge Shaffer.

While my review is again *de novo*, it is not required that I conduct another evidentiary hearing. *United States v. Lutz*, 207 F. Supp. 2d 1247 (D. An. 2002). Because a motion for reconsideration is limited to situations where there is an error of law, a change of law, a misapprehension of facts or law, or a change of fact or circumstance that could not have been considered in the first instance, there is generally no need for a *de*

*novo* review of matters previously presented to the Magistrate Judge. Nevertheless, I have once again conducted that review and added it to consideration of the additional ground asserted in the instant motion, i.e., the length of time in which the Defendant has already been confined and the further delay realistically anticipated while the case is in preparation and before a trial can be had. The additional ground could not have been raised before when the previous motion was denied and so it is proper in this limited context to reconsider my July 2013 Order.

The question is whether the pretrial delay that has occurred and will occur is excessive and vocative of the Defendant's rights. I hold it is neither and thus deny the motion. Additionally, I concur with the Magistrate Judge's ruling in the first instance that this Defendant constitutes a significant threat to the community and to the administration of justice in this case. As stated in my order of July 24, 2013, "I conclude that there is no condition or combination of conditions that will reasonably assure the safety of the community. The threat is not one of physical violence but of a continued pattern of fraud, false representations as well as the safety and well being of other persons."

Discovery, review of documents and trial preparation in this case is necessarily an enormous undertaking given the number of defendants, the number of counts in the Indictment and the volume of documents, combined with the interplay of government regulations and statutes and pharmacological data. The government has conducted an "open file" policy to facilitate rather than obstruct complete disclosure of information, and there is no evidence or even suggestion of bad faith or government responsibility for the delay.

The cases on this subject suggest the length of pretrial confinement should be evaluated in relation to the possible penalty that may be imposed. I think this makes sense when a court is confronted with delays that are longer than the sentence customarily imposed in similar cases. Given the possible penalties that can be imposed if Mr. Schwartz is convicted of any of the felony counts with which he is charged, this criterion is simply not relevant. The presumption of innocence suggests the possibility that the Defendant may be acquitted and such pretrial confinement in that scenario would be unjust and therefore weighs heavily in favor of pretrial release. It does not weigh heavily enough, however, to tip the scale in Defendant's favor when a significant factor expressed in the statute concerning the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release counters it. Succinctly stated: This Defendant faces a fifth felony conviction and a twenty-year mandatory minimum sentence. The stakes are indeed high and the Defendant's past conduct gives no assurance whatever the he would be able to comply with conditions necessary to provide for the safety and well being of others or the administration of justice in this case. The motion is DENIED.

Dated this 21st of January, 2014.

*s/John L. Kane*
SENIOR U.S. DISTRICT JUDGE