IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Criminal Action No. **13-cr-218-JLK**

**UNITED STATES OF AMERICA,**

        Plaintiff,

v.

**2.**    **KEITH SCHWARTZ,**

        Defendant.

---

# ORDER

---

Kane, J.

    After his October 24, 2014 conviction on multiple counts related to an illegal prescription drug distribution scheme, Defendant Keith Schwartz renews the Rule 29 Motion for Judgment of Acquittal that he previously made at trial and, in the alternative, moves for a new trial under Rule 33.  I deny both Motions.

    In his Rule 29 Motion, Defendant again argues that the government's evidence at trial was insufficient to establish the conspiracies alleged in Counts 1 and 16 of the Indictment, or to sustain the jury's verdicts on the underlying distribution, telephone, and money laundering charges.  Defendant contends proof of a criminal conspiracy requires evidence that the defendant specifically intended to further an activity he "knows" was unlawful, and that "piling inferences upon inferences" is insufficient to establish that state of mind.  Defendant urges me to revisit the case of *U.S. v. Rahseparian*, 231 F.3d 1257 (10th Cir. 2000), where the evidence of a conspiracy was "much more severe" than the

evidence in this case, yet insufficient, according to the Tenth Circuit, to support the necessary conclusion that the defendant father in that case "knew" his sons' telemarketing activities were crimes. *See* Mot. (Doc. 348) at 3. I disagree. The evidence in *Rahseparian* was not "worse": The government's evidence in *Rahseparian* was "entirely circumstantial" and the avuncular nature of the familial relationships clouded the question of what the elder Rahseparian "knew" or understood about his sons' activities. Here, with the exception of Lauren Schwartz whose name was used by her husband to set up clinic accounts, there were no familial relationships between Schwartz and the other co-conspirators and the evidence was not entirely circumstantial. There were taped phone calls in which Mr. Schwartz acknowledges or expresses concern about the apparent unlawfulness of the underlying prescription and distribution activities and direct evidence that Mr. Schwartz set up and funded accounts using his wife's name in furtherance of those activities. The evidence was sufficient to support the jury's verdict on the conspiracy claim and revisiting the *Rahseparian* case does not convince me otherwise.

I spend little time on Mr. Schwartz's Rule 29 motion directed to the remaining aiding and abetting, phone, and money laundering counts. Nearly an hour was devoted to these same arguments at trial. Defense counsel's able efforts notwithstanding, I denied the motion and reiterate that ruling here.

Alternatively, Mr. Schwartz moves under Rule 33 for a new trial on grounds the jury was irreparably tainted by their exposure before opening arguments to two jury

instructions erroneously included in their initial instruction packets.[1]  Because these were

limiting instructions on the subject of prior felony convictions that might never have been

admitted into evidence, defense counsel moved for a mistrial. The instructions were

immediately removed from jurors' books and, after argument and a brief recess, I gave a

curative instruction and denied the mistrial motion.  Evidence of Mr. Schwartz's prior

felony conduct was ultimately admitted at trial, after I determined defense counsel had

"opened the door" to questioning on the matter during his cross-examination of

Schwartz's ex-wife, Lauren, who was a government witness.

Rule 33 permits me to "vacate any judgment and grant a new trial if the interest of

justice so requires."  The Tenth Circuit has applied "two different standards ... to assess

the impact of exposure to extraneous material on a jury." *Smith v. Ingersoll–Rand Co.*,

214 F.3d 1235, 1241 (10th Cir.2000) (discussing *United States v. Byrne*, 171 F.3d 1231

(10th Cir.1999) and *United States v. Aguirre*, 108 F.3d 1284 (10th Cir.1997)). Under the

first standard, a new trial is appropriate if the "slightest possibility" exists that the

exposure to extraneous material affected the verdict. *Id.* According to the second

standard, jury exposure to extraneous information creates a "presumption of prejudice"

which may be rebutted by a showing that the exposure was harmless. *Id.* The difference

between the two standards lies in which party has the initial burden of proof.  *Id.* at 1242

---

[1] It has long been my practice to finalize the jury instructions in both civil and criminal cases at the Final Trial Preparation conference and to read a set of the instructions to jurors before opening arguments commence. This practice was reviewed with counsel at the Final Trial Preparation Conference held on October 3, 2014, and neither side objected.  During this reading, two instructions – Proposed Instruction 16, entitled "Impeachment by Prior Conviction," and Instruction 19, entitled "Similar Act Evidence" – had been inadvertently included in the Jury Instruction notebooks given to jurors as well as the notebook from which I began reading.

(Under the "slightest possibility" approach, burden of showing that harm occurred rests on the moving party; with presumption of prejudice, the moving party is relieved of any burden and nonmovant to prove the exposure was harmless.)  The Court in *Ingersoll-Rand* declined to reconcile these standards, finding any error in that case harmless.

The manner in which these precedents have been applied by the Tenth Circuit has not been kind to Mr. Schwartz's position.  In every case cited, the exposure to extraneous materials occurred in the jury room, after the evidence was in, during the course of the jurors' active deliberations.  Here, the exposure occurred on the first day of a three week trial, lasted mere seconds before the reserved jury instructions were removed from juror notebooks, and before opening arguments had even begun.  The jury was weeks from its deliberations and had been affirmatively instructed not to discuss the case or anything about it until they were sent to the jury room after all of the evidence was in to begin. Further, by the time the jury was excused to deliberate evidence of Mr. Schwartz's prior felony conduct had been admitted into evidence so it was no longer extraneous.

In short, I find the cases cited by Mr. Schwartz distinguishable and cannot agree that the jury's very brief exposure to Jury Instructions 9 and 16 on the first morning of trial affected the jury's ultimate verdict three weeks later.  I issued an immediate curative instruction directing them to disregard anything they saw or inferred from those instructions and repeated that instruction throughout the trial.  Further, I polled the jury after it issued its verdict as I always do in criminal cases, asking each juror individually if he or she considered only the evidence that was admitted and disregarded everything I directed them to disregard.  Each juror answered that question in the affirmative.

"[I]n deciding a motion for new trial, the court may weigh the evidence and consider the credibility of witnesses in determining whether the verdict is contrary to the weight of the evidence such that a miscarriage of justice occurred." *United States v. Evans*, 42 F.3d 586, 593 (10th Cir. 1994).  While the inclusion of reserved jury instructions in the notebooks initially distributed to jurors was improper, the error was quickly corrected and the jury immediately instructed to disregard any aspect of them that they may have seen or which I had begun to read.  The evidence of Mr. Schwartz's prior felony conduct was ultimately admitted on its own merits, moreover, such that any consideration of that conduct was proper and no longer extraneous.

A litigant is entitled to a fair rather than "perfect" trial and great effort was put forth in this case to give Mr. Schwartz a trial that was fair.  Motions for new trial are "not regarded with favor" and should be issued "with great caution."  *United States v. Herrera*, 481 F.3d 1266, 1269-70 (10th Cir. 2007)(string citations omitted).

For the foregoing reasons, Mr. Schwartz's Renewed Rule 29 Motion (Doc. 348) and Motion for New Trial (Doc. 347) are DENIED.  This case will proceed to sentencing and, as it likely appears, to the Court of Appeals.

Dated this 14th day of January, 2015.

*s/John L. Kane*
SENIOR U.S. DISTRICT JUDGE